**IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEW MEXICO**

EDWARD RUSSELL FISH,

    Plaintiff,

v.    No. CV 22-150 CG

OCCUPATIONAL HEALTH & SAFETY ADMIN., et al.,

    Defendants.

### MEMORANDUM OPINION AND ORDER

**THIS MATTER** comes before the Court on Plaintiff Edward Russel Fish's *Complaint for Violation of Civil Rights*, (Doc. 1), filed February 28, 2022, and Mr. Fish's *Application to Proceed in District Court Without Prepaying Fees or Costs*, (Doc. 5), filed March 2, 2022.

    **I.**    **Application to Proceed *in forma pauperis***

The statute for proceedings *in forma pauperis*, 28 U.S.C. § 1915(a), provides that the Court may authorize the commencement of any suit without prepayment of fees by a person who submits an affidavit that includes a statement of all assets the person possesses and that the person is unable to pay such fees.

> When a district court receives an application for leave to proceed in forma pauperis, it should examine the papers and determine if the requirements of [28 U.S.C.] § 1915(a) are satisfied. If they are, leave should be granted. Thereafter, if the court finds that the allegations of poverty are untrue or that the action is frivolous or malicious, it may dismiss the case[.]

*Menefee v. Werholtz*, 368 Fed.Appx. 879, 884 (10th Cir. 2010) (citing *Ragan v. Cox*, 305 F.2d 58, 60 (10th Cir. 1962)). "The statute [allowing a litigant to proceed *in forma pauperis*] was intended for the benefit of those too poor to pay or give security for costs[.]" *Adkins v. E.I. DuPont de Nemours & Co.*, 335 U.S. 331, 344 (1948). While a

litigant need not be "absolutely destitute," "an affidavit is sufficient which states that one cannot because of his poverty pay or give security for the costs and still be able to provide himself and dependents with the necessities of life." *Id.* at 339.

Mr. Fish, who paid the filing fee, now seeks to proceed *in forma pauperis*. Mr. Fish signed an affidavit stating he is unable to pay the costs of these proceedings and provided the following information: (i) Mr. Fish's average monthly income amount during the past 12 months is $3,000.00 but his expected income next month is $0.00 because he lost his job; (ii) Mr. Fish's monthly expenses total $885.83; (iii) Mr. Fish has $1,880.00 in cash and $5,587.94 in bank accounts; and (iv) Mr. Fish does not "expect to be hired soon, between being 'overqualified' for less technical work, and the general lack of a tech-sector here." The Court finds that Mr. Fish is unable to pay the costs of this proceeding because Mr. Fish signed an affidavit stating he is unable to pay the costs of these proceedings and his expected monthly income is $0.00. The Court will therefore **GRANT** Mr. Fish's *Application to Proceed in District Court Without Prepaying Fees or Costs*, (Doc. 5).

### II.     The Complaint

Mr. Fish's 168-page Complaint names 21 Defendants. Mr. Fish alleges that his employment was terminated for non-compliance with Defendant New Mexico State University's rules, procedures and policies and Defendant OSHA's standards regarding vaccination, testing, masking and social-distancing. Much of the Complaint consists of quotations from statutes, the Constitution and its Amendments, and other documents, Mr. Fish's interpretation of what those statutes require, definitions of words, quotations from the Bible, rhetorical questions, legal argument, quotations from case law,

summaries of scientific and other studies, references to media articles, and legislative history.

The Complaint does not comply with Rule 8 of the Federal Rules of Civil Procedure which requires that a complaint set out a short, plain statement of the claims showing that the pleader is entitled to relief and that each allegation be simple, concise, and direct. *See* FED. R. CIV. P. 8(a)(2) and 8(d)(1). Rule 12(e) of the Federal Rules of Civil Procedure permits the Court to order a more definite statement where a complaint is so vague or ambiguous that an opposing party cannot reasonably prepare a response. Federal Rule 12(f) provides that the Court may strike from a pleading any redundant, immaterial, impertinent, or scandalous matter.

Much of the content of the Complaint, listed above, is not necessary and renders the Complaint vague and ambiguous, making it impossible for an opposing party to formulate any reasonable response to the Complaint. Furthermore, the Complaint fails to state a claim upon which relief can be granted because it does not state with particularity what each Defendant did to Mr. Fish. *See Nasious v. Two Unknown B.I.C.E. Agents, at Arapahoe County Justice Center*, 492 F.3d 1158, 1163 (10th Cir. 2007) ("[T]o state a claim in federal court, a complaint must explain what each defendant did to him or her; when the defendant did it; how the defendant's action harmed him or her; and, what specific legal right the plaintiff believes the defendant violated.").

It also appears that Mr. Fish is asserting claims based on violations of criminal statutes. "[C]riminal statutes do not provide for private civil causes of action." *Kelly v. Rockefeller*, 69 Fed.Appx. 414, 415-416 (10th Cir. 2003); *see Diamond v. Charles*, 476

U.S. 54, 64 (1986) ("a private citizen lacks a judicially cognizable interest in the prosecution or nonprosecution of another").

The Court will therefore order Mr. Fish to file an amended complaint—not exceeding 35 pages—that meets the requirements of the Federal Rules of Civil Procedure and the District of New Mexico's Local Rules of Civil Procedure.

### III.     Service on Defendants

Section 1915 provides that the "officers of the court shall issue and serve all process, and perform all duties in [proceedings *in forma pauperis*.]" 28 U.S.C. § 1915(d). The Court will not order service of Summons and Complaint on Defendants at this time because the Court is ordering Mr. Fish to file an amended complaint. The Court will order service if Mr. Fish files: (i) an amended complaint that states a claim over which the Court has jurisdiction; and (ii) a motion for service which provides Defendants' addresses.

### IV.     Case Management

"Generally, *pro se* litigants are held to the same standards of professional responsibility as trained attorneys. It is a *pro se* litigant's responsibility to become familiar with and to comply with the *Federal Rules of Civil Procedure* and the *Local Rules of the United States District Court for the District of New Mexico* (the 'Local Rules')." Guide for Pro Se Litigants at 4, United States District Court, District of New Mexico (November 2019). The Local Rules, the Guide for Pro Se Litigants and a link to the Federal Rules of Civil Procedure are available on the Court's website: https://www.nmd.uscourts.gov.

## V.     Compliance with Rule 11

The Court reminds Mr. Fish of his obligations pursuant to Rule 11 of the Federal Rules of Civil Procedure. *See Yang v. Archuleta*, 525 F.3d 925, 927 n. 1 (10th Cir. 2008) ("*Pro se* status does not excuse the obligation of any litigant to comply with the fundamental requirements of the Federal Rules of Civil and Appellate Procedure."). Rule 11(b) provides:

> **Representations to the Court.** By presenting to the court a pleading, written motion, or other paper—whether by signing, filing, submitting, or later advocating it—an attorney or unrepresented party certifies that to the best of the person's knowledge, information, and belief, formed after an inquiry reasonable under the circumstances:
>
> **(1)** it is not being presented for any improper purpose, such as to harass, cause unnecessary delay, or needlessly increase the cost of litigation;
>
> **(2)** the claims, defenses, and other legal contentions are warranted by existing law or by a nonfrivolous argument for extending, modifying, or reversing existing law or for establishing new law;
>
> **(3)** the factual contentions have evidentiary support or, if specifically so identified, will likely have evidentiary support after a reasonable opportunity for further investigation or discovery; and
>
> **(4)** the denials of factual contentions are warranted on the evidence or, if specifically so identified, are reasonably based on belief or a lack of information.

FED. R. CIV. P. 11(b). Failure to comply with the requirements of Rule 11 may subject Mr. Fish to sanctions, including monetary penalties and nonmonetary directives. *See* FED. R. CIV. P. 11(c).

**IT IS THEREFORE ORDERED** that Mr. Fish's *Application to Proceed in District Court Without Prepaying Fees or Costs*, (Doc. 5), is **GRANTED.**

**IT IS FURTHER ORDERED** that Mr. Fish shall, by **April 28, 2022**, file an amended complaint that **does not exceed 35 pages**. Failure to timely file an amended

5

complaint that complies with the Federal Rules of Civil Procedure and the District of New Mexico's Local Rules of Civil Procedure may result in dismissal of this case.

**IT IS SO ORDERED.**

_____
THE HONORABLE CARMEN E. GARZA
CHIEF UNITED STATES MAGISTRATE JUDGE