IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEW MEXICO

EDWARD RUSSELL FISH,

    Plaintiff,

v.                                                                                                  No. 2:22-cv-00150-KRS

OCCUPATIONAL HEALTH & SAFETY ADMIN., et al.,

    Defendants.

## ORDER FOR NOTICE AND WAIVER

Plaintiff, who is proceeding *pro se*, filed his original Complaint for Violation of Civil Rights and paid the filing fee on February 28, 2022.  *See* Docs. 1, 3.  On March 2, 2022, Plaintiff filed an Application to Proceed in District Court Without Prepaying Fees or Costs.  *See* Doc. 5.

Chief United States Magistrate Judge Carmen E. Garza granted Plaintiff's Application to proceed *in forma pauperis* pursuant to 28 U.S.C. § 1915 and notified Plaintiff:

> Section 1915 provides that the "officers of the court shall issue and serve all process, and perform all duties in [proceedings *in forma pauperis*]").  28 U.S.C. § 1915(d).  The Court will not order service of Summons and Complaint on Defendants at this time because the Court is ordering Plaintiff to file an amended complaint.  The Court will order service if Plaintiff files: (i) an amended complaint that states a claim over which the Court has jurisdiction; and (ii) a motion for service which provides Defendants' addresses.

Doc. 6, filed March 14, 2022 ("Order").

Judge Garza also notified Plaintiff that his 168-page Complaint, which names 21 Defendants, is vague and ambiguous making it impossible for an opposing party to formulate any reasonable response to the Complaint and that the Complaint fails to state a claim upon which relief can be granted because it does not state with particularity what each Defendant did to Plaintiff.  *See* Order at 2-4.  Judge Garza ordered Plaintiff to file an amended complaint and notified Plaintiff that:

> Generally, *pro se* litigants are held to the same standards of professional responsibility as trained attorneys.  It is a *pro se* litigant's responsibility to become familiar with and to comply with the *Federal Rules of Civil Procedure* and the *Local Rules of the United States District Court for the District of New Mexico* (the "Local Rules").
>
> Guide for Pro Se Litigants at 4, United States District Court, District of New Mexico (November 2019).  The Local Rules, the Guide for Pro Se Litigants and a link to the Federal Rules of Civil Procedure are available on the Court's website: https://www.nmd.uscourts.gov.

Order at 4-5 (citing *Yang v. Archuleta*, 525 F.3d 925, 927 n. 1 (10th Cir. 2008) ("*Pro se* status does not excuse the obligation of any litigant to comply with the fundamental requirements of the Federal Rules of Civil and Appellate Procedure.")).

Plaintiff filed his Amended Complaint on April 28, 2022, but did not file a motion for service which provided the addresses of Defendants.  *See* Doc. 7.

On October 18, 2022, the New Mexico State University Affiliated Defendants ("NMSU Defendants") filed a Motion to Dismiss for Failure to Serve Defendants.  *See* Doc. 9 ("Motion to Dismiss").  The NMSU Defendants contend that this case should be dismissed because none of the twenty NMSU Defendants have been served as required by Rule 4 of the Federal Rules of Civil Procedure.  *See* Reply at 2, Doc. 11, filed October 25, 2022 (noting that the deadline for service was July 28, 2022).

Rule 4(m) states:

> If a defendant is not served within 90 days after the complaint is filed, the court— on motion or on its own after notice to the plaintiff—must dismiss the action without prejudice against that defendant or order that service be made within a specified time.  But if the plaintiff shows good cause for the failure, the court must extend the time for service for an appropriate period.

Fed. R. Civ. P. 4(m).  The NMSU Defendants also ask the Court to set a hearing on their Motion to Dismiss.  *See* Doc. 13, filed October 25, 2022.

In his Response to the Motion to Dismiss, Plaintiff provided the addresses for some of the Defendants and states:

> according to N.M.S.U.'s ARP 16.40 (Legal Matters) states the following in Part 4 "*UGC is authorized to provide representation and defense for NMSU officials, employees and volunteers who may be named in a lawsuit or other legal proceeding which results from the performance of their official duties for NMSU [...]* ***Representation is provided for individuals named as defendants in both their individual and professional capacities as long as the general counsel or RMD, as applicable, determines that they were acting within their official duties and responsibilities for N.M.S.U.***"—Thus, by N.M.S.U.'s own rules, there is a singular mailing address for which service (even to such entities acting such temporary, tangential, and ephemeral capacity as a volunteer) should be applied, given that all named persons are included by virtue of acting in their capacities as employees, officers, or agents of the University...unless the Defense takes the curious tactic to argue that the mandates in question, pushed as N.M.S.U. policy was somehow done in their individual capacity.

Doc. 10, filed October 21, 2022 (emphasis in original).

Although Plaintiff has not shown good cause for failing to timely file a motion for service with Defendants' addresses, the Court orders the Clerk to notify the Defendants, at the addresses provided by Plaintiff on page 2 of his Response, that an action has been commenced and request that Defendants waive service pursuant to Fed. R. Civ. P. 4(d).

> Although practitioners are expected to carefully comply with procedural rules, case law interpreting those rules is founded upon a policy which favors deciding cases on the merits as opposed to dismissing them because of minor technical defects. *E.g., Foman v. Davis,* 371 U.S. 178, 181–82, 83 S.Ct. 227, 228–29, 9 L.Ed.2d 222 (1962) ("The Federal Rules reject the approach that pleading is a game of skill in which one misstep by counsel may be decisive to the outcome ....") (citation omitted).

*Denver & Rio Grande Western R. Co. v. Union Pacific R. Co.*, 119 F.3d 847, 848-49 (10th Cir. 1997).  Because it is extending the time for service, the Court denies the NMSU Defendants' Motion to Dismiss and Request for a Hearing on the Motion to Dismiss.

The Court has a duty to ensure that civil actions are resolved not only fairly, but also without undue cost or delay.  See Fed. R. Civ. P. 1 advisory committee's note to 1993 amendment.

The Court also "has the inherent power 'to manage [its] own affairs so as to achieve the orderly and expeditious disposition of cases.'" *Securities and Exchange Comm'n v. Management Solutions, Inc.*, 824 Fed.Appx. 550, 553 (10th Cir. 2020) (quoting *Dietz v. Bouldin*, 136 S. Ct. 1885, 1891-92 (2016)).  Judge Garza notified Plaintiff that *pro se* plaintiffs are expected to comply with the Rules of Civil Procedure and directed Plaintiff to the Federal and Local Rules of Civil Procedure.  The Court notifies Plaintiff that failure to comply with the Federal and Local Rules of Civil Procedure or Court Orders may result in sanctions, up to and including dismissal of this action.

    **IT IS ORDERED** that:

(i) The Clerk of the Court notify Defendants that an action has been commenced and request that Defendants waive service pursuant to Fed. R. Civ. P. 4(d).  The notice shall include a copy of this Order, a waiver of service form, and a copy of Plaintiff's Amended Complaint, Doc. 7, filed April 28, 2022.  The Clerk shall mail the notice, waiver of service form, a copy of this Order and a copy of the Amended Complaint to the Defendants listed on page 2 of Plaintiff's Response to Motion to Dismiss, Doc. 10, filed October 21, 2022.  If the docket shows that any Defendant did not return the waiver within 45 days after mailing of the notice, waiver form, and copy of the Amended Complaint, then Plaintiff shall file a motion requesting that officers of the Court serve a copy of the summons and Amended Complaint on those Defendants.

(ii) The NMSU Defendants' Motion to Dismiss for Failure to serve Defendants, Doc. 9, filed October 18, 2022, is **DENIED.**

(iii)   The NMSU Defendants' Request for Setting of Hearing, Doc. 13, filed October 25, 2022, is **DENIED.**

_____
UNITED STATES MAGISTRATE JUDGE