IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEW MEXICO

EDWARD RUSSELL FISH,

    Plaintiff,

v.                                  No. 2:22-cv-00150-KRS

OCCUPATIONAL HEALTH & SAFETY ADMIN., et al.,

    Defendants.

## ORDER TO SHOW CAUSE

Plaintiff, who is proceeding *pro se*, filed his original Complaint for Violation of Civil Rights and paid the filing fee over one year ago.  *See* Doc's 1, 3, filed February 28, 2022.  On March 2, 2022, Plaintiff filed an Application to Proceed in District Court Without Prepaying Fees or Costs.  *See* Doc. 5.

Chief United States Magistrate Judge Carmen E. Garza granted Plaintiff's Application to proceed *in forma pauperis* pursuant to 28 U.S.C. § 1915, ordered Plaintiff to file an amended complaint and notified Plaintiff:

> The Court will not order service of Summons and Complaint on Defendants at this time because the Court is ordering Plaintiff to file an amended complaint.  The Court will order service if Plaintiff files: (i) an amended complaint that states a claim over which the Court has jurisdiction; and (ii) a motion for service which provides Defendants' addresses.

Doc. 6, filed March 14, 2022 ("Order").  Judge Garza also notified Plaintiff that:

> Generally, *pro se* litigants are held to the same standards of professional responsibility as trained attorneys.  It is a *pro se* litigant's responsibility to become familiar with and to comply with the *Federal Rules of Civil Procedure* and the *Local Rules of the United States District Court for the District of New Mexico* (the "Local Rules").  Guide for Pro Se Litigants at 4, United States District Court, District of New Mexico (November 2019).  The Local Rules, the Guide for Pro Se Litigants and a link to the Federal Rules of Civil Procedure are available on the Court's website: https://www.nmd.uscourts.gov.

Order at 4-5 (citing *Yang v. Archuleta*, 525 F.3d 925, 927 n. 1 (10th Cir. 2008) ("*Pro se* status does not excuse the obligation of any litigant to comply with the fundamental requirements of the Federal Rules of Civil and Appellate Procedure.")).

Plaintiff filed his Amended Complaint on April 28, 2022, but did not file a motion for service which provided the addresses of Defendants. *See* Doc. 7.

Five and one-half months after Plaintiff filed his Amended Complaint, the New Mexico State University Affiliated Defendants ("NMSU Defendants") filed a Motion to Dismiss for Failure to Serve Defendants. *See* Doc. 9, filed October 18, 2022 ("Motion to Dismiss"). The NMSU Defendants contended that this case should be dismissed because none of the twenty NMSU Defendants have been served as required by Rule 4 of the Federal Rules of Civil Procedure. *See* Reply at 2, Doc. 11, filed October 25, 2022 (noting that the deadline for service was July 28, 2022). In his Response to the Motion to Dismiss, Plaintiff provided the addresses for some of the Defendants. *See* Doc. 10, filed October 21, 2022.

The Court denied the NMSU Defendants' Motion to Dismiss stating:

Although Plaintiff has not shown good cause for failing to timely file a motion for service with Defendants' addresses, the Court orders the Clerk to notify the Defendants, at the addresses provided by Plaintiff on page 2 of his Response, that an action has been commenced and request that Defendants waive service pursuant to Fed. R. Civ. P. 4(d).

> Although practitioners are expected to carefully comply with procedural rules, case law interpreting those rules is founded upon a policy which favors deciding cases on the merits as opposed to dismissing them because of minor technical defects. *E.g., Foman v. Davis,* 371 U.S. 178, 181–82, 83 S.Ct. 227, 228–29, 9 L.Ed.2d 222 (1962) ("The Federal Rules reject the approach that pleading is a game of skill in which one misstep by counsel may be decisive to the outcome ....") (citation omitted).

*Denver & Rio Grande Western R. Co. v. Union Pacific R. Co.*, 119 F.3d 847, 848-49 (10th Cir. 1997). Because it is extending the time for service, the Court denies

> the NMSU Defendants' Motion to Dismiss and Request for a hearing on the Motion to Dismiss.
>
> The Court has a duty to ensure that civil actions are resolved not only fairly, but also without undue cost or delay. *See* Fed. R. Civ. P. 1 advisory committee's note to 1993 amendment. The Court also "has the inherent power 'to manage [its] own affairs so as to achieve the orderly and expeditious disposition of cases.'" *Securities and Exchange Comm'n v. Management Solutions, Inc.*, 824 Fed.Appx. 550, 553 (10th Cir. 2020) (quoting *Dietz v. Bouldin*, 136 S. Ct. 1885, 1891-92 (2016)). Judge Garza notified Plaintiff that *pro se* plaintiffs are expected to comply with the Rules of Civil Procedure and directed Plaintiff to the Federal and Local Rules of Civil Procedure. The Court notifies Plaintiff that failure to comply with the Federal and Local Rules of Civil Procedure or Court Orders may result in sanctions, up to and including dismissal of this action.

Order for Notice and Waiver at 3-4, Doc. 14, filed November 28, 2022. The Court ordered the Clerk of the Court to notify Defendants that an action has been commenced and request that Defendants waive service pursuant to Fed. R. Civ. P. 4(d). *See* Order for Notice and Waiver at 4. The Court also ordered that:

> If the docket shows that any Defendant did not return the waiver within 45 days after mailing of the notice, waiver form, and copy of the Amended Complaint, then Plaintiff shall file a motion requesting that officers of the Court serve a copy of the summons and Amended Complaint on those Defendants.

Order for Notice and Waiver at 4.

The 45-day deadline for returning the waiver was January 12, 2023. No waivers were returned by the January 12, 2023, deadline. It is now over 45 days past the deadline for waivers and Plaintiff has not filed a motion requesting service on those Defendants.

**IT IS ORDERED** that Plaintiff shall, within 14 days of entry of this Order, show cause why the Court should not dismiss this case for failure to comply with the Court's Orders to file a motion for service.

_____
**UNITED STATES MAGISTRATE JUDGE**