**IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEW MEXICO**

EDWARD RUSSELL FISH,

    Plaintiff,

v.                                             No. 2:22-cv-00150-MIS-JHR

OCCUPATIONAL HEALTH & SAFETY ADMIN., et al.,

    Defendants.

## MEMORANDUM OPINION AND ORDER OF DISMISSAL

Plaintiff, who is proceeding *pro se*, filed his original Complaint for Violation of Civil Rights and paid the filing fee over one year ago. *See* Doc's 1, 3, filed February 28, 2022. On March 2, 2022, Plaintiff filed an Application to Proceed in District Court Without Prepaying Fees or Costs. *See* Doc. 5.

Chief United States Magistrate Judge Carmen E. Garza granted Plaintiff's Application to proceed *in forma pauperis* pursuant to 28 U.S.C. § 1915, ordered Plaintiff to file an amended complaint and notified Plaintiff:

> The Court will not order service of Summons and Complaint on Defendants at this time because the Court is ordering Plaintiff to file an amended complaint. The Court will order service if Plaintiff files: (i) an amended complaint that states a claim over which the Court has jurisdiction; and (ii) a motion for service which provides Defendants' addresses.

Doc. 6, filed March 14, 2022 ("Order"). Judge Garza also notified Plaintiff that:

> Generally, *pro se* litigants are held to the same standards of professional responsibility as trained attorneys. It is a *pro se* litigant's responsibility to become familiar with and to comply with the *Federal Rules of Civil Procedure* and the *Local Rules of the United States District Court for the District of New Mexico* (the "Local Rules").

> Guide for Pro Se Litigants at 4, United States District Court, District of New Mexico (November 2019). The Local Rules, the Guide for Pro Se Litigants

and a link to the Federal Rules of Civil Procedure are available on the Court's website: https://www.nmd.uscourts.gov.

Order at 4-5 (citing *Yang v. Archuleta*, 525 F.3d 925, 927 n. 1 (10th Cir. 2008) ("*Pro se* status does not excuse the obligation of any litigant to comply with the fundamental requirements of the Federal Rules of Civil and Appellate Procedure.")).

Plaintiff filed his Amended Complaint on April 28, 2022, but did not file a motion for service which provided the addresses of Defendants. *See* Doc. 7.

Five and one-half months after Plaintiff filed his Amended Complaint, the New Mexico State University Affiliated Defendants ("NMSU Defendants") filed a Motion to Dismiss for Failure to Serve Defendants. *See* Doc. 9, filed October 18, 2022 ("Motion to Dismiss"). The NMSU Defendants contended that this case should be dismissed because none of the twenty NMSU Defendants have been served as required by Rule 4 of the Federal Rules of Civil Procedure. *See* Reply at 2, Doc. 11, filed October 25, 2022 (noting that the deadline for service was July 28, 2022). In his Response to the Motion to Dismiss, Plaintiff provided the addresses for some of the Defendants. *See* Doc. 10, filed October 21, 2022.

United States Magistrate Judge Kevin R. Sweazea denied the NMSU Defendants' Motion to Dismiss stating:

> Although Plaintiff has not shown good cause for failing to timely file a motion for service with Defendants' addresses, the Court orders the Clerk to notify the Defendants, at the addresses provided by Plaintiff on page 2 of his Response, that an action has been commenced and request that Defendants waive service pursuant to Fed. R. Civ. P. 4(d).
>
>> Although practitioners are expected to carefully comply with procedural rules, case law interpreting those rules is founded upon a policy which favors deciding cases on the merits as opposed to dismissing them because of minor technical defects. *E.g., Foman v. Davis,* 371 U.S. 178, 181–82, 83 S.Ct.

2

> 227, 228–29, 9 L.Ed.2d 222 (1962) ("The Federal Rules reject the approach that pleading is a game of skill in which one misstep by counsel may be decisive to the outcome . . . .") (citation omitted).
>
> *Denver & Rio Grande Western R. Co. v. Union Pacific R. Co.*, 119 F.3d 847, 848-49 (10th Cir. 1997). Because it is extending the time for service, the Court denies the NMSU Defendants' Motion to Dismiss and Request for a hearing on the Motion to Dismiss.
>
> The Court has a duty to ensure that civil actions are resolved not only fairly, but also without undue cost or delay. *See* Fed. R. Civ. P. 1 advisory committee's note to 1993 amendment. The Court also "has the inherent power 'to manage [its] own affairs so as to achieve the orderly and expeditious disposition of cases.'" *Securities and Exchange Comm'n v. Management Solutions, Inc.*, 824 Fed.Appx. 550, 553 (10th Cir. 2020) (quoting *Dietz v. Bouldin*, 136 S. Ct. 1885, 1891-92 (2016)). Judge Garza notified Plaintiff that *pro se* plaintiffs are expected to comply with the Rules of Civil Procedure and directed Plaintiff to the Federal and Local Rules of Civil Procedure. The Court notifies Plaintiff that failure to comply with the Federal and Local Rules of Civil Procedure or Court Orders may result in sanctions, up to and including dismissal of this action.

Order for Notice and Waiver at 3-4, Doc. 14, filed November 28, 2022. Judge Sweazea ordered the Clerk of the Court to notify Defendants that an action has been commenced and request that Defendants waive service pursuant to Fed. R. Civ. P. 4(d). *See* Order for Notice and Waiver at 4. Judge Sweazea also ordered that:

> If the docket shows that any Defendant did not return the waiver within 45 days after mailing of the notice, waiver form, and copy of the Amended Complaint, then Plaintiff shall file a motion requesting that officers of the Court serve a copy of the summons and Amended Complaint on those Defendants.

Order for Notice and Waiver at 4.

The 45-day deadline for returning the waivers was January 12, 2023. No waivers were returned by the January 12, 2023, deadline. On March 15, 2023, over 45 days after the deadline for waivers, Judge Sweazea noted that Plaintiff had not filed a motion requesting service on those Defendants and ordered Plaintiff to show cause why the

3

Court should not dismiss this case for failure to comply with the Court's Orders to file a motion for service. *See* Order to Show Cause, Doc. 15, filed March 15, 2023. Plaintiff did not show cause or otherwise respond to Judge Sweazea's Order to Show Cause by the March 29, 2023, deadline.

On April 10, 2023, the NMSU Defendants filed a Motion to Dismiss for Failure to Comply with the Court's Orders. *See* Doc. 16 (describing the procedural background of this case). Plaintiff did not file a response opposing the NMSU Defendants' Motion to Dismiss by the April 24, 2023, deadline.

Rule 41(b) states: "If the plaintiff fails to prosecute or to comply with these rules or a court order, a defendant may move to dismiss the action or any claim against it. Unless the dismissal order states otherwise, a dismissal under this subdivision (b) and any dismissal not under this rule . . . operates as an adjudication on the merits." Fed. R. Civ. P. 41(b).

> Pursuant to Federal Rule of Civil Procedure 41(b), a district court may dismiss an action with prejudice if the plaintiff fails "to comply with [the Federal Rules of Civil Procedure] or any order of court." A district court may dismiss an action under Rule 41(b) after finding that certain enumerated criteria support a dismissal. These criteria include "(1) the degree of actual prejudice to the defendant; (2) the amount of interference with the judicial process; (3) the culpability of the litigant; (4) whether the court warned the party in advance that dismissal of the action would be a likely sanction for noncompliance; and (5) the efficacy of lesser sanctions." *Mobley v. McCormick,* 40 F.3d 337, 340 (10th Cir.1994) (quoting *Ehrenhaus v. Reynolds,* 965 F.2d 916, 921 (10th Cir.1992)).

*Olsen v. Mapes*, 333 F.3d 1199, 1204 (10th Cir. 2003). "The sanction of dismissal with prejudice for failure to prosecute is a 'severe sanction,' a measure of last resort." *Ecclesiastes 9:10-11-12, Inc. v. LMC Holding Co.*, 497 F.3d 1135, 1143-44 (10th Cir. 2007) (stating "dismissal is warranted when 'the aggravating factors outweigh the judicial

4

system's strong predisposition to resolve cases on their merits'") (quoting *Ehrenhaus*, 965 F.2d at 921).

The Court finds that there is no prejudice to the NMSU Defendants resulting from dismissal of this case because they moved for dismissal. Nor is there any prejudice to the other Defendants because they have not been served. Plaintiff's failure to comply with the Court's Orders and to respond to the NMSU Defendants' Motion to Dismiss interferes greatly with the judicial process.

The Court has a duty to ensure that this case "is resolved not only fairly, but without undue cost or delay." Fed. R. Civ. P. 1 advisory committee's note to 1993 amendment. The Court, which sits in one of the five Southwest Border Districts, has one of the highest case loads in the nation. The Court cannot take on the responsibility of serving as Plaintiff's attorney and prosecute this case for Plaintiff. *See Garrett v. Selby Connor Maddux & Janer*, 425 F.3d 836, 840 (10th Cir. 2005). The Court finds Plaintiff is culpable and that other sanctions short of dismissal would likely not be effective, because despite notifying Plaintiff that *pro se* litigants are held to the same standards of professional responsibility as trained attorneys and are responsible for becoming familiar with and complying with the Federal and Local Rules of Civil Procedure, and notifying Plaintiff that failure to timely comply with Court Orders may result in dismissal of this case, Plaintiff did not file a motion for service, did not respond to the Court's Order to Show Cause and did not respond to the NMSU Defendants' Motion to Dismiss.

The Court dismisses this case with prejudice as to all Defendants because Plaintiff did not comply with Judge Garza and Judge Sweazea's Orders to file a motion for service,

5

did not respond to Judge Sweazea's Order to Show Cause and did not respond to the NMSU Defendants' Motion to Dismiss.

**IT IS ORDERED** that:

(i) The NMSU Defendants' Motion to Dismiss for Failure to Comply with the Court's Orders, Doc. 16, filed April 10, 2023, is **GRANTED.**

(ii) This case is **DISMISSED with prejudice.**

_____
**MARGARET STRICKLAND**
UNITED STATES DISTRICT JUDGE